First Department. February 6, 1914.) Action by Alfred Mauger against George W. Linch, as receiver. C. E. Chalmers, of New York City, for appellant. J. W. Hannon, of New York City, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

———

MEATER, Respondent, v. BALABAN, Appellant. (Supreme Court, Appellate Division, Second Department. January 16, 1914.) Action by Herbert Meater against Abraham J. Balaban.

PER CURIAM. Judgment and order affirmed, with costs.

JENKS, P. J., and PUTNAM, J., dissent, on the ground of error in excluding the question at folio 105.

———

MECHANICS' BANK & TRUST CO. v. STALLO et al. (Supreme Court, Appellate Division, First Department. January 30, 1914.) Action by the Mechanics' Bank & Trust Company against Edmund K. Stallo, impleaded with others. No opinion. Motion to dismiss appeal granted, with $10 costs. Order filed.

———

MECHLOWITZ v. FROST, PALMER & CO. (Supreme Court, Appellate Term, First Department. December 30, 1913.) Appeal from City Court of New York, Trial Term. Action by Philip Mechlowitz against Frost, Palmer & Co. From a judgment dismissing the complaint at the close of plaintiff's case, he appeals. Reversed, and new trial ordered. Bogart & Bogart, of New York City (John Bogart and Isidore Weckstein, both of New York City, of counsel), for appellant. Benjamin M. Kaye, of New York City, for respondent.

BIJUR, J. The only point raised on this appeal is whether there was sufficient evidence to sustain plaintiff's claim that defendant, through its president, promised to pay him a certain sum in consideration of plaintiff's forbearance to bring an action against defendant. It sufficiently appears from the evidence that plaintiff had and asserted a claim against the defendant, that defendant requested plaintiff not to sue upon such claim, and that defendant promised in that event to pay the amount involved to plaintiff early in November, 1912. The motion to dismiss was made on the ground that there was "no proof of any cause of action," and "not even the semblance of a claim against the defendant under the proof in this case." If the cause of action referred to is the cause of action based on forbearance merely, there seems to be no doubt that plaintiff made out a clear promise of defendant provided plaintiff forbore and that plaintiff performed his part. It may be that in using the term "claim," on his motion to dismiss, defendant's counsel referred to the claim which plaintiff was making against defendant when defendant made the promise above noted. This claim was based on plaintiff's assertion that, having made a certain lease through the medium of defendant as broker, defendant insisted on having the first month's rent paid in advance and promised to hold the check until plaintiff should get possession of the premises. Defendant delivered this check to the landlord before plaintiff obtained such possession, and the check was, as matter of fact, by the landlord turned over to the defendant, who deposited it in its own bank account, although the latter circumstance seems to me to be unimportant on this appeal. It is evident that the plaintiff's testimony showed that he had a very substantial claim against defendant, either because of misrepresentation or breach of agreement. On this appeal the respondent urges that, in making the promise in consideration of forbearance, defendant's president was acting as the lessor's vice president. That point was not raised below, and at best presents a question of fact for the determination of a jury. He also asserts that the promise was not within the scope of the authority of defendant's president, but that contention (also urged here for the first time) is, under the circumstances, baseless. Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.

SEABURY and GUY, JJ., concur in result.

———

MEISSNER, Appellant, v. BOARD OF EDUCATION OF UNION FREE SCHOOL DIST. NO. 1, TOWN OF CONCORD, Respondent. (Supreme Court, Appellate Division, Fourth Department. November 26, 1913.) Action by Paul Meissner against the Board of Education of Union Free School District No. 1, Town of Concord. No opinion. Judgment affirmed, with costs.

———

MERTZ, Appellant, v. CONNECTICUT CO., Respondent. (Supreme Court, Appellate Division, Second Department. February 13, 1914.) Action by Louis C. Mertz against the Connecticut Company. No opinion. Judgment and order unanimously affirmed, with costs.

———

M. H. LEVY & CO., Inc., v. DAVIDSON. (Supreme Court, Appellate Division, First Department. January 30, 1914.) Action by M. H. Levy & Co., Incorporated, against Henry Davidson. No opinion. Application denied, with $10 costs. Order signed.

———

MIKSAN v. ROHE & BRO. (Supreme Court, Appellate Division, First Department. January 16, 1914.) Action by John Miksan against Rohe & Bro. No opinion. Motion granted, without costs. Settle order on notice. See, also, 145 N. Y. Supp. 1133.

———

MIKSAN v. ROHE & BRO. (Supreme Court, Appellate Division, First Department. January 30, 1914.) Appeal from Special Term, New York County. Action by John Miksan against Rohe & Bro. From an order granting a motion that defendant be directed to permit plaintiff to operate an elevator in the premises of defendant, defendant appeals. Reversed. See, also, 145 N. Y. Supp. 1133. Murray G.